## SOULE v. DAWES.

An endorser of a note is incompetent as a witness to establish the lien of a holder of the note upon the property of the maker, being directly interested to have the lien established.

*It seems* that errors in the rulings of the Court below will be reviewed on appeal, although no motion for a new trial is made or overruled.

APPEAL from the Superior Court of the City of San Francisco.

This was an action on a promissory note secured by a mechanics' lien, making other encumbrancers parties, and praying for a foreclosure of the lien. The plaintiff sues as endorser of the note. Judgment by default was entered against defendant Dawes; the other defendants, subsequent encumbrancers, defended the action to contest the priority of plaintiff's lien. On the trial, plaintiff called as a witness ———— Howard, of the firm of Howard & Wilbur, the payees and endorsers of the note, who stated on *voir dire* that he had received notice of protest and had not been released by the plaintiffs. The defendants objected to the witness on the ground that he was directly interested in establishing the plaintiff's lien on the property, and thereby bettering his own condition as endorser. The Court overruled the objection, and the witness was allowed to give testimony tending to establish plaintiff's lien—the questions in this case being upon the priority of the plaintiff's lien over the mortgage of some of the defendants. The jury found a special verdict, establishing the allegations of the complaint, and a decree was entered accordingly. The record shows that an order was made striking from the files a statement of defendants for a new trial, though it does not disclose that the motion was made and overruled.

*J. B. Hart* for Appellants.

The Court below erred in allowing Howard to testify upon another ground than that of interest; he was excluded from being a witness in the case by the Act of 7th May, 1855, amending section 4th of the Act to regulate proceedings in civil cases. See statutes of 1855, p. 303. It provides that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this Act, but in suits brought by the assignee of an account, unliquidated demand, or thing in action, not arising out of contract assigned subsequently to the 1st day of July, 1854, the assignor shall not be a witness on behalf of the plaintiff.

On general principles, and particularly by section 393 of the Practice Act, Howard was clearly incompetent on the ground of interest.

What is the object of the suit? Not to establish a case against Dawes on the note—in which Howard might have been called—but to establish a lien on the property of a third party, by which plaintiffs would not only obtain a better security for the note sued upon, and so relieve Howard from responsibility, but would also establish a lien upon the property, which would enure to the benefit of Howard & Wilbur in respect of the notes held by them. Howard was, therefore, directly interested, according to the 393d section, and on account of interest was incompetent; and having assigned the lien after the first day of July, 1854, Howard was consequently incompetent on that ground also.

*Edwards & English* for Respondents.

The error complained of, to wit: permitting the witness, Howard, to

testify, is an error which must have occurred on the trial before the jury, and the alleged error cannot be reviewed by this Court, because the proper foundation has not been laid therefor. All errors alleged to have been committed on a trial before a jury must be passed upon by the Court below, on a motion to set aside the verdict and grant a new trial to entitle them to be reviewed on appeal to a supreme tribunal. This we believe is a universal rule.

Our Practice Act, which grants an appeal from an order of a Court refusing a new trial, provides also in § 193, clause 7, that errors in law, occurring at the trial, and excepted to by the party making the application, are causes for the granting a new trial. As they are made causes for granting a new trial, and an appeal lies from a motion for a new trial, they can only be reviewed on an appeal from an order of a Court on a motion for a new trial. But no motion for a new trial was ever passed upon in this case by the Court below. So that this Court cannot look to see that there was any error committed on the trial before the jury.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

The witness, Howard, being responsible to the plaintiffs as endorser of the note sued on, had a direct interest in establishing a lien upon the property of the defendants; he was therefore an incompetent witness for that purpose.

Judgment reversed and cause remanded.